UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-20101-CIV-LENARD/GOODMAN

BACARDI U.S.A., INC.,

      Plaintiff,

vs.

BEN ARNOLD-SUNBELT BEVERAGE
COMPANY, L.P., CHARMER INDUSTRIES,
INC. d/b/a THE CHARMER SUNBELT
GROUP, SUNBELT HOLDING, INC. d/b/a
THE CHARMER SUNBELT GROUP, and
BREAKTHRU BEVERAGE GROUP, LLC
f/k/a THE CHARMER SUNBELT GROUP,

      Defendants.

_____/

### <u>NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE</u>

Plaintiff, BACARDI U.S.A., Inc. ("BUSA"), pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), hereby gives notice of its voluntary dismissal of the instant action without prejudice.

BUSA filed this action seeking declaratory relief from this Court relating to its termination of a distribution agreement and its selection of a new distributor. *See* Compl., ECF No. 1. The action, which was filed before the parties engaged in formal settlement negotiations, was initiated to ensure that, pursuant to the first-filed doctrine, the controversy between the parties would be adjudicated in the Southern District of Florida (and not in another venue where Defendants might have filed suit), as the parties expressly agreed in the distribution agreement.

On February 10, 2016, the Honorable James Lawrence King entered an order, in a parallel case, suggesting that, rather than staying the case pending settlement discussions (as the parties had requested), BUSA dismiss the case without prejudice while the settlement discussions take place. *See Bacardi v. Wirtz Beverage Group, LLC d/b/a Wirtz Beverage Company, et al.*, No.16-cv-20072, at ECF No. 22. Having considered this suggestion and conferred in good faith with counsel for Defendants about it, and in the interests of judicial economy, BUSA has decided to dismiss this case without prejudice while the parties discuss a potential resolution of their dispute.

In connection with BUSA's dismissal of this case without prejudice, Defendants have expressly agreed to the following terms,[1] which Defendants have given BUSA authority to represent to the Court and on which BUSA relied on in agreeing to voluntarily dismiss this case without prejudice:

(1) Defendants will not initiate any litigation, in any jurisdiction, against BUSA, Southern, Glazer's or Southern Glazer's Wine & Spirits, while the parties engage in settlement discussions; and

(2) Defendants will not challenge that this case has first-filed status, that is, that this first-filed action should have priority over all later-filed actions of the same subject matter.

If settlement discussions are unsuccessful and BUSA re-files this case, BUSA will try in good faith to streamline the cases in some consolidated manner.

Dated: February 12, 2016

---

[1] Defendants previously agreed to these terms as a condition of BUSA's agreement not to oppose Defendants' request for an extension of time to respond to the complaint.

Respectfully submitted,

/s/ *Marty Steinberg*
Marty Steinberg
Florida Bar No. 187293
Rafael Ribeiro
Florida Bar No. 896241
Melissa Levitt
Florida Bar No. 55431
David Massey
Florida Bar No. 86129
marty.steinberg@hoganlovells.com
rafael.ribeiro@hoganlovells.com
melissa.levitt@hoganlovells.com
david.massey@hoganlovells.com

**HOGAN LOVELLS US LLP**
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
Tel: 305-459-6500
Fax: 305-459-6550

*Counsel for Plaintiff Bacardi U.S.A., Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Marty Steinberg*
Marty Steinberg